## Taschner, Appellant, *v.* Stern.

*Negligence — Master and servant — Dangerous machinery — Guards—Guard no protection—Contributory negligence—Case for jury—Act of May 2, 1905, P. L. 354.*

In an action against an employer to recover damages for personal injuries sustained by a seventeen year old boy who had several fingers cut off by a punch press, where it appeared from plaintiff's own case that no guard of whatever kind could have protected him under the circumstances, the court did not err in its charge in eliminating from the consideration of the jury the question of defendant's negligence by reason of the machine not being properly guarded.

Argued May 6, 1915. Appeal, No. 110, Jan. T., 1915, by plaintiff, from judgment of C. P. No. 2, Philadelphia Co., June T., 1912, No. 1791, on verdict for defendant in case of Jacob Taschner, by his Mother and Next Friend, Rebecca Taschner, and Rebecca Taschner as Administratrix of the Estate of William Taschner, deceased, v. Samuel Stern, Trading as Stern Manufacturing Company. Before Brown, C. J., Mestrezat, Elkin, Stewart and Frazer, JJ. Affirmed.

Trespass for personal injuries. Before Staples, P. J., specially presiding.

From the record it appeared that on May 7, 1912, Jacob Taschner, the plaintiff had several fingers cut off while operating a punch press in defendant's machine shop where he had been employed for about a year and a half before the accident. At the time of the accident plaintiff was seventeen years old. He had been taught to operate the press and had worked on it during the period of his employment. The press was operated by a foot treadle, the machine stopping when the foot was taken off the treadle. The use of the machine was for the punching of tin. Sometimes the piece cut out stayed in the hole and when this occurred the defendant's instruc-

tions were that the operator should use a stick or rod to push it through. Plaintiff testified that on the day of the accident he had been instructed to use his hand instead of the rod as the latter nicked and spoiled the die. Defendant denied this instruction. The plaintiff testified that the accident occurred while using his hand to push through the waste, the machine repeating after he had taken his foot off the treadle, and the punch catching his hand. The court left to the jury the question as to whether plaintiff was negligently instructed by the defendant.

Verdict for defendant and judgment thereon.

The court charged the jury, in part, as follows:

"We can easily imagine a case where it might have been necessary for the jury to consider whether or not this machine ought to be guarded, and whether or not it was apt to slip the cog, or to suddenly come down when under the operation of the machine that would not happen, but we eliminated those things for this reason, that under the theory of the plaintiff himself, in the trial of the case, the issue was narrowed, and also under the theory of the defendant it must necessarily have been narrowed. It is immaterial how this accident happened as far as the punch coming down is concerned, whether it happened because the cog slipped, or whether it happened by the plaintiff's unconsciously putting his foot upon the treadle, unless if he put his foot upon the treadle he did so because he was carelessly operating the machine. We have eliminated all these other questions for the reason that the plaintiff, in his testimony, stated that he had, previously to Mr. Stern's instruction that morning, removed this waste by a stick or an iron rod, and if he had continued in that then this accident could not have happened to him, because he would not have had his hand under the machine." (1)

The court refused plaintiff's motion for a new trial. Plaintiff appealed.

*Error assigned,* among others, was (1) instruction to jury.

*John J. McDevitt, Jr.,* with him *Samuel G. Stem,* for appellants.

*John H. Fow,* with him *John H. Schwarz,* for appellee.

PER CURIAM, May 17, 1915:

Nothing is to be found in the six assignments of error calling for a reversal of the judgment, and it is affirmed on that portion of the charge of the learned trial judge which is the subject of the first.

Judgment affirmed.